IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 2 3 2013

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| MARVIN FANTROY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-0345-K |
| | § | |
| DALLAS AREA RAPID TRANSIT and | § | |
| THE LINCOLN NATIONAL LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. No. 18). After careful consideration of the parties' briefing, the appendices, the relevant portions of the record, and the applicable law, the Court **GRANTS** the motion for the following reasons.

### I. Factual and Procedural Background

Plaintiff Marvin Fantroy ("Plaintiff") purchased a long term disability policy from and through his employer Defendant Dallas Area Rapid Transit ("DART") which was issued and managed by Defendant The Lincoln National Life Insurance Company ("Lincoln"). After Plaintiff suffered debilitating injuries, a dispute arose between the parties related to payments under this disability policy. Plaintiff filed this suit against in state court on December 21, 2012, alleging state law claims against both Defendants. Lincoln removed the suit to federal court on January 25, 2013. In its Notice of Removal,

Lincoln argued DART was improperly joined in the state court action to defeat federal jurisdiction on diversity grounds. Thereafter, Plaintiff filed this motion to remand.

## II. Improper Joinder

### A. Applicable Law

Under 28 U.S.C. § 1441(a), a civil action brought in state court may be removed by the defendant to a federal court with original jurisdiction. 28 U.S.C. § 1441(a). Section 1441(b) addresses the removal of cases on the basis of diversity of citizenship, specifically that a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988)(diversity of citizenship supports subject matter jurisdiction only if every plaintiff has a different citizenship from every defendant). "The doctrine of improper joinder rests on these statutory underpinnings, which entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

The removing party must prove that the in-state defendant was joined improperly, that is the defendant was added as a sham to defeat federal jurisdiction. *See id.* at 575. To establish that a non-diverse defendant has been improperly joined, the removing party bears the burden of proving either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003); *see Ross v. Citifinancial,*

*Inc.*, 344 F.3d 458, 461 (5th Cir. 2003). No allegations of actual fraud in Plaintiff's recitation of jurisdictional facts have been made. Instead, Lincoln's arguments focus on Plaintiff's inability to establish a viable cause of action against DART. Therefore, this Court must determine if there is any reasonable basis to predict that Plaintiff might be able to recover against DART, the in-state defendant. *See Smallwood*, 385 F.3d at 573 (to minimize confusion, Circuit adopted this phrasing of the required proof and rejected all others).

To decide the issue of improper joinder, the district court can: (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant;" or (2) under certain specific circumstances "in its discretion, pierce the pleadings and conduct a summary inquiry." *Id* (conducting "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant" and these cases would "hopefully be few in number."). If a plaintiff survives the 12(b)(6)-type of analysis, there is no improper joinder. *Id.*

The party claiming improper joinder has a heavy burden of persuasion. *Id.* at 574. All factual allegations in the state court petition are considered in the light most favorable to the plaintiff, and any contested fact issues and ambiguities in state law must be resolved in favor of remand. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983); *see Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 311 (5th Cir. 2002)("If the facts set out in plaintiffs' complaint, taken as true and drawing all inferences in the light most favorable to plaintiffs, at least raise the possibility that they could succeed

in establishing a claim against the in-state defendant, the defendant's citizenship cannot be disregarded and diversity jurisdiction is absent."). If a plaintiff asserts multiple causes of action against an in-state defendant and the court concludes there is a reasonable basis of recovery on even one of those claims, remand is necessary. *Id.* at 208.

### B. Analysis

Plaintiff claims that DART was properly joined in this lawsuit. Plaintiff asserts that he has sufficiently plead causes of action against DART in his state court petition according to state pleading requirements. Plaintiff also argues that Lincoln, as the removing party, has not met its burden of demonstrating that Plaintiff has no possibility of recovery against DART on his claims.

Lincoln, on the other hand, maintains that DART was improperly joined in this action. Lincoln argues that Plaintiff failed to plead sufficient facts under the federal pleading standard, so this Court has no reasonable basis for predicting that Plaintiff can recover against DART on any of his state law claims.

To establish that DART was improperly joined, Lincoln must prove by clear and convincing evidence that there is no reasonable basis for this Court to predict Plaintiff could recover in state court on each of these claims. *See Green*, 707 F.2d at 208 ("If even one of [plaintiff's] many claims might be successful, a remand to state court is necessary.") Plaintiff alleges three state law claims against DART: (1) violation of the Texas Deceptive Trade Practices Act ("DTPA"); (2) violation of provisions of the Texas Insurance Code; and (3) breach of contract. If there is a reasonable probability of Plaintiff recovering on

even one of his claims, the entire case must be remanded. *See id.* The Court will first address Plaintiff's DTPA claim.

### 1.   Texas Pleading Standard v. Federal Pleading Standard

In its notice of removal, Lincoln argues that DART was improperly joined because there is no reasonable basis for the Court to predict that Plaintiff could recover against DART on his DTPA claim. Specifically, Lincoln contends that Plaintiff fails to plead with requisite particularity the factual allegations supporting his claim as required by Federal Rules of Procedure 9(b). Lincoln argues Plaintiff was required to provide specific information related to the alleged misrepresentation, as well as identify with particularity the circumstances surrounding it. Plaintiff responds that he plead his claims as required under state law because he filed the case in state court; thus, there was no reason to plead them in accordance with the federal rules. As a threshold matter, this Court must decide whether it should apply the state or federal pleading standard in determining whether Plaintiff states a viable state law claim against DART in his petition.

The Texas pleading standard, less rigid than the federal standard, is considered to be one of "fair notice." That is, "'a petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim.'" *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000)(quoting *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)). Requiring such notice gives the opposing party sufficient information enabling him to prepare a defense. *Id.* A state court petition is to be liberally construed and considered adequately plead if a cause of action can be reasonably inferred from what is

stated in the petition, even if one of the elements of the claim was not specifically alleged. *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993).

The federal pleading standard is more stringent with regard to the sufficiency of the allegations in stating a claim or cause of action. The federal standard requires that the plaintiff plead sufficient facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Plaintiff need not detail the factual allegations in the complaint, but there must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, there is a heightened standard when the plaintiff alleges fraud or mistake. *See* FED. R. CIV. P. 9(b)("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). In his complaint, the plaintiff must set forth the elements of fraud with particularity which requires him to specify the allegedly fraudulent statements, identify the speaker and when and where the statements were made, and explain why the statements were fraudulent. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). More concisely, Rule 9(b) requires "'the who, what, when, where, and how' be laid out" as it pertains to claims of fraud or mistake. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

The Court must now decide which standard to apply in determining whether Plaintiff can state a claim for relief against DART. This Court recognizes that the district courts in this Circuit, even in this District, are split as to this question, and there is no published opinion from the Fifth Circuit on this issue. However, the Fifth Circuit has

addressed this issue in an unpublished opinion. *De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 F. App'x 533 (5th Cir. 2005). In a case removed from state court on the basis of improper joinder, the Fifth Circuit applied the Texas fair notice pleading standard rather than the federal standard in determining whether the allegations in the petition sufficiently alleged a claim under state law. *Id.* at 537-38. The Fifth Circuit's application of the Texas pleading standard is completely logical. As previously expressed by another court in this District, a party filing suit in state court expects to be governed by the rules of the civil pleading requirements in that state court. *Durable Specialties, Inc. v. Liberty Ins. Corp.*, 3:11-CV-739-L, 2011 WL 6937377, *5 (N.D. Tex., Dec. 30, 2011)(Lindsay, J.). "The court does not believe that a pleader in state court should be so hapless that he or she is put in the untenable position of having to anticipate removal to a federal court system that applies a more exacting pleading standard. Fundamental fairness compels that the standard applicable at the time the initial lawsuit was filed in state court should govern." *Id.* Based on this sound logic and the Fifth Circuit's application of the state standard, this Court applies the Texas pleading standard to Plaintiff's allegations.

The Court now turns to whether Plaintiff adequately alleged a viable cause of action under Texas DTPA against DART, and whether Lincoln established by clear and convincing evidence that there is no reasonable basis for predicting Plaintiff can possibly recover against DART on this claim.

### 2.    DTPA Claim

Because improper joinder is the basis for Lincoln's removal of this case from state court, a Rule 12(b)(6)-type analysis will be used in determining if DART was indeed

improperly joined. *See Smallwood*, 385 F.3d at 573 (conducting "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant" and these cases would "hopefully be few in number."). In conducting a Rule 12(b)(6) analysis, the court must determine whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Trust Co.*, 313 F.3d at 312. However, the court should "'not strain to find inferences favorable to the plaintiffs'" and is not to accept "'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005). In a Rule 12(b)(6) analysis, the court determines only whether the plaintiff has plead a legally cognizable claim, not plaintiff's likelihood of success on the merits. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004); *see also Smallwood*, 385 F.3d at 573 ("Since the purpose of the improper joinder analysis is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."). The Court has already concluded that the Texas "fair notice" pleading standard applies in determining whether Plaintiff has adequately alleged a state law cause of action against DART.

The Texas DTPA, which is a consumer protection statute, permits a consumer to bring a cause of action against "*any person* whose false, misleading, or deceptive acts, or other practices enumerated in the Act are the producing cause of the consumer's harm." *Miller v. Keyser*, 90 S.W.3d 712, 715 (Tex. 2002). To maintain an action under DTPA, the plaintiff must show: (1) he is a consumer; (2) the defendant employed false,

misleading, or deceptive acts; and (3) these acts represent a producing cause of the plaintiff's damages. TEX. BUS. & COM. CODE §17.50(a)(1). The Texas DTPA defines consumer as an individual "who seeks or acquires by purchase or lease, any goods or services." TEX. BUS. & COM. CODE §17.45(4). The purchase of an insurance policy is considered the purchase of a service under the Texas DTPA. *3Z Corp. v. Stewart Title Guar. Co.*, 851 S.W.2d 933, 937 (Tex.App.—Beaumont 1993, writ denied). Plaintiff is clearly a consumer under the Texas DTPA, and Lincoln does not advance any arguments to the contrary. *See id.*; *see also* TEX. BUS. & COM. CODE § 17.45(4). The first element of maintaining a Texas DTPA claim is satisfied.

As for the second element, Lincoln argues in it notice of removal and responsive briefing to the remand motion that Plaintiff fails to identify any specific misrepresentation DART made, and instead simply tracks the statutory language of the DTPA. Lincoln argues that Plaintiff fails to "identify a single alleged misrepresentation" which is required under Texas law. Lincoln cites the Court to *Webb v. UnumProvident Corp.* in support of this. 507 F.Supp.2d 668 (W.D. Tex. 2005).

Lincoln is correct that Plaintiff must identify a false or misleading statement under Texas law in order for DART to be liable under the Texas DTPA. *See* TEX. BUS. & COM. CODE §17.50(a)(1). However, Lincoln is incorrect in that Plaintiff did identify a false or misleading statement that DART made. In paragraph 7.01 of his Original Petition ("Petition"), Plaintiff specifically alleges, "[I] detrimentally relied on DART's representations . . . when DART advertised and Defendant, Lincoln, represented to him and fellow employees that if they sustained a long term disability loss, DART's employees

would be covered for the loss." Plaintiff alleges further alleges that he detrimentally relied on these representation by both Defendants. Lincoln claims this is simply a "single broad allegation" but contains "no additional details about this allegedly fraudulent statement."

In *Webb*, the plaintiff sued the defendants in state court for claims arising from her purchase of a long term disability insurance policy from the defendants. The case was removed to federal court and the plaintiff filed a motion to remand. *Id.* at 672. The district court referred the plaintiff's remand motion to the magistrate judge and the court's review of the magistrate's report was the crux of the opinion. In its analysis of the plaintiff's Texas DTPA claim, the court noted that the magistrate judge incorrectly found that the plaintiff's pleadings and affidavit contained an allegation that the defendant made representations to plaintiff that she would be paid under the policy if she became disabled. *Webb*, 507 F.Supp.2d at 679. The district judge rejected this factual finding upon timely objection by the defendant because such an allegation was not actually contained in the record. *Id.* The plaintiff's complaint and affidavit contained no other allegation of a particular false or misleading statement the defendant made to her as is required under Texas law. *Id.* at 679-80. Without this specific allegation incorrectly identified by the magistrate, the Court concluded that the plaintiff had not actually alleged a specific misrepresentation, therefore, the Court could not reasonably predict that she might recover on her state DTPA claim against the defendants. *Id.* ("With no misrepresentation specifically identified in [plaintiff's] complaint or affidavit, there is no reasonable basis to predict that [plaintiff] would recover in state court against the [defendants] for any misrepresentation claim under the DTPA.").

In this case, however, Plaintiff did identify a specific misrepresentation DART allegedly made to Plaintiff–that, under this long term disability plan, "if [he and fellow employees] sustained a long term disability loss, DART's employees would be covered for the loss." This alleged misrepresentation is nearly identical to the one in *Webb* that the district court suggests would have been a specific, affirmative misrepresentation had the *Webb* plaintiff actually alleged it in her complaint or affidavit. The Court concludes this statement is a specific, affirmative alleged misrepresentation under the Texas pleading standard; he was not required to plead more specificity or details of this statement as might have been required under the federal standard since the Court determined the state standard applies. Based on this alleged specific false or misleading statement by DART to Plaintiff, the second element of maintaining a Texas DTPA claim is satisfied.

The third element of maintaining a cause of action under the Texas DTPA, that these acts represent a producing cause of the plaintiff's damages, is also satisfied. Lincoln does not advance any argument that this element is absent or lacking. Moreover, in his Petition, Plaintiff specifically alleges more than once that DART's misrepresentations and his reliance upon them caused his damages. Plaintiff has sufficiently met all three elements necessary to maintain a cause of action under the DTPA. *See* TEX. BUS. & COM. CODE §17.50(a)(1).

The crux of Lincoln's argument as to Plaintiff's Texas DTPA claim rests on its contention that Plaintiff failed to plead this claim, which involves fraud or mistake, with the requisite particularity required under Federal Rule of Civil Procedure 9(b). The Court has already concluded that the heightened pleading standards required under the federal

rules do not apply to Plaintiff's petition, which was originally filed in state court. The Court finds that, under the Texas pleading standard, Plaintiff has adequately alleged a viable cause of action for a violation of the Texas DTPA in his petition, giving fair notice to the Defendants of the fact upon which Plaintiff bases this claim. *See Auld*, 34 S.W.3d at 897. Without anything more, Lincoln has failed to meet its heavy burden of proving by clear and convincing evidence that there is no reasonable basis for this Court to predict Plaintiff could recover in state court on his state DTPA claim *See Green*, 707 F.2d at 208 ("If even one of [Plaintiff's] many claims might be successful, a remand to state court is necessary.").

The Court finds that Plaintiff has adequately alleged a viable cause of action for a violation of the Texas DTPA against DART, the in-state defendant. *See St. Luke's Episcopal Hosp.*, 355 F.3d at 376 (focus in Rule 12(b)(6) analysis is whether the plaintiff has plead a legally cognizable claim under state law, not the plaintiff's likelihood of success on the merits). Furthermore, the Court concludes that Lincoln did not prove by clear and convincing evidence that there is no reasonable basis for this Court to predict Plaintiff could recover in state court against DART on all these claims. *See Green*, 707 F.2d at 208. Therefore, Lincoln failed to meet its burden of showing that this case was properly removed to this Court under 28 U.S.C. § 1441, specifically that DART, an in-state defendant, was improperly joined in this lawsuit. *See Smallwood*, 385 F.3d at 573 (the removing defendant must demonstrate that there is no possibility of recovery by the plaintiff against the in-state defendant; in other words, that there is no reasonable basis for the district court to predict that the plaintiff might be successful against the in-state

defendant). Accordingly, because the Court finds DART was not improperly joined as to Plaintiff's claim under the Texas DTPA, the entire case must be remanded. *See id.* ("If even one of [Plaintiff's] many claims might be successful, a remand to state court is necessary."). The Court need not address Plaintiff's remaining causes of action.

## III.    Federal Question Jurisdiction

In its responsive briefing, DART adopts Lincoln's arguments. However, DART also advances an alternative argument that federal question jurisdiction exists under the Employee Retirement Income Security Act ("ERISA"). Specifically, DART argues that because Plaintiff's state law claims arise from the long-term disability insurance plan, ERISA applies and preempts state law; therefore, remand would be inappropriate unless an ERISA exception applies.

Regardless of the merits of this argument, DART has improperly raised federal question jurisdiction as a basis for this Court's jurisdiction because this ground was not raised in the notice of removal and neither of the Defendants amended the notice of removal to include federal question jurisdiction in support of removal. A defendant is free to amend the notice of removal within the thirty day period under 28 U.S.C. § 1446(b). *See Moody v. Commercial Ins. Co.*, 753 F.Supp. 198, 201 (N.D. Tex. 1990)(Mahon, J.). However, after the thirty day period has expired, any amendments to the removal notice must be made in accordance with 28 U.S.C. § 1653. *See id.* Section 1653 permits amendments to cure technical defects in the jurisdictional allegations; it does not permit an amendment which adds an entirely different jurisdictional basis for the removal. *See Holt v. Lockheed Support Sys., Inc.*, 835 F.Supp. 325, 327 (W.D. La. 1993); *see also* 14C

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §
3733, p. 647-61 (4th ed. 2009)("In most circumstances, however, [after the expiration of
the 30-day period for removal], defendants may not add completely new grounds for
removal or furnish missing allegations, even if the court rejects the first-preferred basis for
removal, and the court will not, on its own motion retain jurisdiction on the basis of a
ground that is present but that defendants have not relied upon."); *cf. Wilson v. Int'l Bus.
Machines Corp.*, 3:11-CV-0944-G, 2011 WL 4572019, *2 (N.D. Tex., Oct. 3, 2011)(Fish,
Senior J.)("[W]hen courts have refused to allow amendments to the notice for removal
that would assert new bases for federal jurisdiction, the new basis for removal existed
*during* the initial thirty day period.")(emphasis in the original).

The basis of federal question jurisdiction based on ERISA existed at the time the
case was removed. *See Wilson*, 3:11-CV-0944-G, 2011 WL 4572019, at *2. Neither
Defendant amended or attempted to amend the notice of removal within the thirty day
period to reflect federal question jurisdiction as a ground supporting removal. Once the
thirty day period ran, even if Defendants had attempted to amend to add federal question
jurisdiction as a basis for removal, the amendment would not have been permitted under
section 1653. *E.g., Briarpatch Ltd. v. Pate*, 81 F.Supp.2d 509, 516-17 (S.D.N.Y.
2000)(after expiration of thirty day time limit, "[f]ailure to assert federal question
jurisdiction as a basis for removal is a substantive defect" which defendant may not cure
with an amendment); *Wright v. Combined Ins. Co. of America*, 959 F.Supp. 356, 359 (N.D.
Miss. 1997)("If a defendant seeks to amend the notice of removal at any time thereafter
[the thirty day time limit], he may only do so to clarify the jurisdictional grounds for

removal, which were unartfully stated in the original notice. He may not allege new jurisdictional grounds for removal."); *Lowes v. Cal Dive Int'l, Inc.*, Civ. Action No. 97-407, 1997 WL 178825, *2 (E.D. La., April 7, 1997)("While defendants may freely amend their notice of removal within thirty days of service, they may not add new grounds for removal after the thirty day period has expired."); *Iwag v. Geisel Compania Maritima*, 882 F.Supp. 597, 601 (S.D. Tex. 1995)("Section 1653 does not allow the removing party to assert additional grounds of jurisdiction not included in the original pleading," therefore the court would "disallow amendments to notices of removal that present grounds for removal not included in the original notice.").

Therefore, the Court rejects DART's alternative argument that this Court has jurisdiction based on federal question under ERISA, as this was presented for the first time in DART's responsive briefing, and was outside the thirty day time limit.

## IV.     Conclusion

For the foregoing reasons, the Court concludes that remand is appropriate in this case. Lincoln failed to prove by clear and convincing evidence that there is no reasonable basis for this Court to predict that Plaintiff might be successful in recovering against DART, the in-state defendant, on his Texas DTPA claim. Therefore, Lincoln failed to meet its burden of showing that this case was properly removed to this Court under 28 U.S.C. § 1441, specifically that DART, an in-state defendant, was improperly joined in this lawsuit. Accordingly, because the Court finds DART was not improperly joined as to Plaintiff's claim for violations of the Texas DTPA, the entire case must be remanded. This case is hereby **remanded to the 193rd District Court, Dallas County, Texas.**

Additionally, Plaintiff shall recover from Defendant Lincoln his just costs, and any actual expenses, including reasonable attorneys' fees, pursuant to 28 U.S.C. § 1447(c). Plaintiff may apply to the Court for such an award in the event the parties cannot agree concerning the amount to which they are entitled.

SO ORDERED.

Signed May 23rd, 2013.

ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 16